**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| MANUEL R. JIMENEZ,<br><br>                    Plaintiff,<br>          v.<br><br>JO ANNE B. BARNHART,<br>Commissioner, Social Security<br>Administration,<br><br>                    Defendant. | No. EDCV 04-01359 CW<br><br>DECISION AND ORDER |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks review of the Commissioner's denial of disability benefits.  As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings.

## I.   BACKGROUND

Plaintiff Manuel Jimenez was born on January 1, 1956, and was 48 years old at the time of his administrative hearing. [Administrative Record, "AR," 29, 72.]  He has an eleventh grade education and past relevant work experience as a janitor and dental lab technician. [AR

1

12.]  Plaintiff alleges disability on the basis of degenerative joint
disease, low back pain and osteoarthritis. [AR 101.]

## II.  PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on October 26, 2004, and filed
on November 3, 2004.  On May 10, 2005, defendant filed plaintiff's
Administrative Record ("AR").  On July 14, 2005, the parties filed
their Joint Stipulation ("JS") identifying matters not in dispute,
issues in dispute, the positions of the parties, and the relief sought
by each party.  This matter has been taken under submission without
oral argument.

## III.  PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff filed his first application for supplemental security
income ("SSI") on December 5, 1996, which was denied initially and
upon reconsideration. [AR 11.]  After a hearing, ALJ Norman Buls
issued a decision affirming the denials, and plaintiff took no further
action. [Id.]  Plaintiff filed his second SSI application (the
subject of these proceedings) on January 2, 2003, alleging disability
since November 25, 2002. [Id.]  An administrative hearing was held on
July 20, 2004, before Administrative Law Judge ("ALJ") Helen E. Hesse.
[Transcript, AR 29.]  Plaintiff appeared with counsel, and testimony
was taken from plaintiff, medical expert Sami Nafoosi, and vocational
expert Alan Ey.  [Id.]  ALJ Hesse denied benefits on August 27, 2004.
[Decision, AR 16.]  When the Appeals Council denied review on October
1, 2004, the ALJ's decision became the Commissioner's final decision.
[AR 3.]

## IV.  STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the
Commissioner's decision to deny benefits.  The Commissioner's (or

2

ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits.  See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720.  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id.  To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id.  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

## V.  DISCUSSION

### A.  THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months.  Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at

3

1  721; 42 U.S.C. § 423(d)(1)(A).

2      Disability claims are evaluated using a five-step test:

3          Step one: Is the claimant engaging in substantial
       gainful activity?  If so, the claimant is found not
4      disabled.  If not, proceed to step two.
           Step two: Does the claimant have a "severe" impairment?
5      If so, proceed to step three.  If not, then a finding of not
       disabled is appropriate.
6          Step three: Does the claimant's impairment or
       combination of impairments meet or equal an impairment
7      listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If
       so, the claimant is automatically determined disabled.  If
8      not, proceed to step four.
           Step four: Is the claimant capable of performing his
9      past work?  If so, the claimant is not disabled.  If not,
       proceed to step five.
10         Step five: Does the claimant have the residual
       functional capacity to perform any other work?  If so, the
11     claimant is not disabled.  If not, the claimant is disabled.

12

13 Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended

14 April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107

15 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20

16 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or

17 "not disabled" at any step, there is no need to complete further

18 steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

19     Claimants have the burden of proof at steps one through four,

20 subject to the presumption that Social Security hearings are non-

21 adversarial, and to the Commissioner's affirmative duty to assist

22 claimants in fully developing the record even if they are represented

23 by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at

24 1288.  If this burden is met, a prima facie case of disability is

25 made, and the burden shifts to the Commissioner (at step five) to

26

27

28

                                    4

1   prove that, considering residual functional capacity ("RFC")[1], age,

2   education, and work experience, a claimant can perform other work

3   which is available in significant numbers. Tackett, 180 F.3d at 1098,

4   1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

5       **B.  THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

6       Here, the ALJ found that plaintiff had not engaged in substantial

7   gainful activity since the alleged onset date (step one)[AR 12], that

8   plaintiff had "severe" impairments, namely low back pain, gout,

9   history of hernia repair and depressive disorder (step two), and that

10  plaintiff did not have an impairment or combination of impairments

11  that met or equaled a "listing" (step three). [AR 14.]  The ALJ found

12  that plaintiff had an RFC enabling him to perform the full range of

13  light work. [Id.]  Relying on the testimony of the vocational expert,

14  the ALJ found that plaintiff was capable of returning to his past

15  relevant work as a dental lab technician (step four). [AR 15.]

16  Accordingly, plaintiff was found to be not under a "disability" as

17  defined by the Social Security Act. [Id.]

18      **C.  ISSUE IN DISPUTE**

19      The parties' Joint Stipulation identifies a single disputed

20  issue:

21          Whether the ALJ properly considered the opinion of
            disability offered by plaintiff's treating physician, Dr.
22          Nicolaas Grobler. [JS 3.]

23  _____

24      [1]  Residual functional capacity measures what a claimant can
    still do despite existing "exertional" (strength-related) and
25  "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155
    n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to
26  work without directly limiting strength, and include mental, sensory,
    postural, manipulative, and environmental limitations. Penny v.
    Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155
27  n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a
    nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler,
28  765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

5

1            **D.    DR. GROBLER'S OPINION**

2        According to the medical record, plaintiff received treatment

3   from Dr. Grobler from 1996 until 2002 for multiple ailments, including

4   pain in his low back and joints. [AR 137, 198.]  In a letter written

5   in October 2001, Dr. Grobler stated that plaintiff suffered from

6   "severe low back pain, degenerative joint disease, and severe

7   osteoarthritis" and that plaintiff was "unable to work because of

8   health reasons." [AR 150.]  In a subsequent letter written in April

9   2002, Dr. Grobler stated that plaintiff "suffers from severe

10  polyarthritis of the upper and lower extremities...[and] has been

11  diagnosed with moderate to severe arthritis and degenerative joint

12  disease...of his entire spine" and "is totally disabled." [AR 146.]

13  During a physical exam performed in September 2002, Dr. Grobler

14  assessed plaintiff with degenerative joint disease, osteoarthritis,

15  disc disease, rheumatoid arthritis and chronic pain. [AR 139.]  A

16  third letter written by Dr. Grobler in November 2002 stated that

17  plaintiff has chronic pain in all of his joints, currently walks with

18  a cane, is prescribed pain medication that helps "only somewhat," and

19  that his "medical condition has not improved to any appreciable degree

20  since last year and his prognosis is still guarded." [AR 234.]

21       The ALJ rejected Dr. Grobler's opinion for multiple reasons,

22  including that it was inconsistent with the doctor's own medical

23  progress notes, reflected the doctor's "acting as an advocate for his

24  patient," and based merely on plaintiff's subjective complaints. [AR

25  13.]  Accordingly, the ALJ adopted medical expert Nafoosi's opinion

26  that plaintiff was capable of performing a full range of light work,

27  including his past work as a dental lab technician. [AR 14, 15.]

28       Under the Ninth Circuit's standard for the evaluation of treating

                                    6

medical evidence, the ALJ did not provide "specific and legitimate reasons supported by substantial evidence in the record" to reject Dr. Grobler's opinion.  Lester, 81 F.3d at 830; Reddick, 157 F.3d at 724; Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001).  First, the ALJ's conclusion that Dr. Grobler's opinion of disability was "inconsistent with his own progress notes, which fail to reveal continued restrictions in motion, persistent neurological deficits or abnormalities of gait" is factually inaccurate.  Dr. Grobler's treatment notes, spanning a period of six years, contain several medical findings that strongly support his ultimate conclusion that plaintiff has severe functional limitations.  Cf. Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003)(treating doctor's opinion was properly discounted when doctor's own treatment notes "provided no basis" for disability finding).  Dr. Grobler has diagnosed plaintiff repeatedly with lower back pain, degenerative disc disease, osteoarthritis, and disc disease. [AR 137, 143, 145, 152, 153, 156, 157, 168, 170, 225, 226.]  Dr. Grobler has also found that plaintiff has "poor ambulation" [AR 145, 147, 225], gout that has caused swelling and pain in plaintiff's hands and feet [AR 142, 162, 176], an umbilical hernia [AR 151], testicular pain [AR 137], and wrist tendonitis. [AR 172.]  It is notable that Dr. Grobler's assessments are supported by other medical opinions, leading to a surgical repair of the umbilical hernia [AR 120], an emergency room diagnosis of gout in the left toe [AR 130], and an assessment by the examining orthopedist that plaintiff "probably has gout affecting his hand

7

1  function" [AR 243].[2]  Accordingly, Dr. Grobler's treatment records as

2  a whole provide ample support for his opinion of disability.

3      The ALJ's second reason to reject Dr. Grobler's opinion was her

4  conclusion that the doctor was "acting as an advocate for [plaintiff],

5  rather than an impartial medical provider." [AR 13.]  Specifically,

6  the letters written by Dr. Grobler, in which he opines that plaintiff

7  was disabled, were written for the purpose of helping plaintiff with

8  his legal troubles, stemming in part from plaintiff's failure to

9  appear in traffic court. [AR 150.]  In addition, Dr. Grobler wrote

10  that plaintiff was "permanently incapacitated" for the purpose of a

11  CalWORKS application. [AR 158, 160.]  The Ninth Circuit has repeatedly

12  held, however, that the purpose for which medical reports are obtained

13  does not provide a legitimate basis for rejecting them.  See Nguyen v.

14  Chater, 100 F.3d 1462, 1465 (9th Cir. 1996)(purpose for which medical

15  opinion was obtained may be considered only in limited instances where

16  the opinion is wholly unsupported by medical findings and there is

17  evidence of "actual improprieties"); Lester, 81 F.3d at 832 ("The

18  [Commissioner] may not assume that doctors routinely lie in order to

19  help their patients collect disability benefits"); Reddick, 157 F.3d

20  at 726 (9th Cir. 1998) (purpose for which medical opinion is obtained,

21  by itself, is insufficient to reject opinion); Cf. Saelee v. Chater,

22  94 F.3d 520 523 (9th Cir. 1996)(conclusory, unsupported medical

23  opinion that was "worded ambiguously" to help claimant obtain benefits

24  constituted evidence of "actual improprieties").  Even though Dr.

25

26      [2]  Although the ALJ appears to have agreed in large part with the
   functional limitations set by the examining orthopedist, the one
27  involving impaired hand function appears to have been ignored, as
   plaintiff was ultimately found capable of performing his past job as a
28  dental lab technician, which requires significant use of the hands.
   [AR 236.]

Grobler's letters were written ostensibly in response to plaintiff's legal troubles, this should have no bearing on the credibility of Dr. Grobler's opinion, which was based on six years of treatment and innumerable clinical observations.  There has been no evidence of any "actual improprieties," such as a deliberate attempt to deceive the ALJ for the purpose of helping plaintiff obtain benefits. <u>Saelee</u>, 94 F.3d at 523.  Accordingly, the fact that Dr. Grobler's opinion may have been solicited for legal purposes is not a "specific and legitimate" reason to reject it.

Finally, the ALJ rejected Dr. Grobler's opinion because it was based on plaintiff's own subjective complaints and, thus, was unreliable. [AR 13.]  In the Ninth Circuit, a physician's opinion of disability "premised to a large extent upon the claimant's own accounts of his symptoms and limitations" may be disregarded where those complaints have been "properly discounted." <u>Morgan v. Commissioner of Social Security</u>, 169 F.3d 595, 602 (9th Cir. 1999)(quoting <u>Fair v. Bowen</u>, 885 F.2d 597, 605 (9th Cir. 1989))(citing <u>Brawner v. Secretary of Health and Human Services</u>, 839 F.2d 432, 433-34 (9th Cir. 1988)).  Here, it is not clear either that Dr. Grobler's opinion was "premised to a large extent" upon plaintiff's own subjective complaints or that plaintiff's credibility has been "properly discounted."[3]  A review of Dr. Grobler's voluminous treatment notes reveals that they contain the doctor's own clinical

---

[3] The ALJ found plaintiff's testimony not credible based in large part on a lack of objective evidence of a medically determinable impairment which would reasonably be expected to produce his symptoms. [AR 14.]  As discussed above, however, Dr. Grobler's treatment of plaintiff revealed clinical and laboratory evidence of multiple impairments (such as gout, arthritis and degenerative disc disease) that could have produced the symptoms plaintiff alleged.

9

observations, which were based not only upon plaintiff's subjective complaints, but upon physical examinations [AR 138] and diagnostic evaluations, such as an arthritis screening [AR 179], cholesterol screening [AR 199] and MRI [AR 224].  Further, it is difficult to imagine that Dr. Grobler could have been duped by plaintiff every month for more than six years regarding the severity of plaintiff's condition.  If there was a subjective element to the treatment notes, it was Dr. Grobler's own belief, based on his own observations, that plaintiff was disabled, which should be properly considered.  <u>See</u> <u>Embrey v. Bowen</u>, 849 F.2d at 418, 422 (9th Cir. 1988)("The subjective judgments of treating physicians are important, and properly play a part in their medical evaluations"); <u>see</u> <u>also</u> <u>Lester</u>, 81 F.3d at 832-33 ("The Commissioner is required to give weight not only to the treating physician's clinical findings and interpretation of test results, but also to his subjective judgments").  Accordingly, it was erroneous to find that Dr. Grobler's opinion was based primarily on plaintiff's subjective complaints, and the ALJ's evaluation of the treating medical evidence cannot stand.

   **E.   REMAND FOR FURTHER PROCEEDINGS**

        The decision whether to remand for further proceedings is within the discretion of the district court.  <u>Harman v. Apfel</u>, 211 F.3d 1172, 1175-1178 (9th Cir. 2000).  Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  <u>Harman</u>, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility).  However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the

10

1   record that the ALJ would be required to find the claimant disabled if

2   all the evidence were properly evaluated, remand is appropriate.   Id.

3       Here, because the ALJ did not provide  "specific and legitimate"

4   reasons to reject Dr. Grobler's opinion, it is credited as a matter of

5   law.  Lester, 81 F.3d at 834; Harman, 211 F.3d at 1178; Benecke v.

6   Barnhart, 379 F.3d 587, 594 (9th Cir., 2004).  Even so, however, it is

7   not clear that plaintiff must be found disabled.  Although Dr. Grobler

8   opined that plaintiff was "unable to work" [AR 150] and "totally

9   disabled" [AR 146], his opinion does not specify the length of time

10  plaintiff would be unable to work nor elaborate on the particular

11  functional limitations that would render plaintiff totally disabled.

12  Thus, there has been no testimony from the vocational expert that the

13  functional limitations inherent in Dr. Grobler's opinion would render

14  plaintiff unable to engage in any kind of work.  See Harman, 211, F.3d

15  at 1180 ("In cases where the testimony of the vocational expert has

16  failed to address a claimant's limitations as established by

17  improperly discredited evidence, we consistently have remanded for

18  further proceedings rather than payment of benefits")(citing Gamer v.

19  Secretary of Health and Human Services, 815 F.2d 1275, 1281 (9th Cir.

20  1987)).  Accordingly, remand for further proceedings is appropriate so

21  that the vocational expert may answer questions with respect to the

22  additional evidence.

23

24

25

26

27

28

1

## VI.   ORDERS

2        Accordingly, **IT IS ORDERED** that:

3        1.    The decision of the Commissioner is **REVERSED**.

4        2.    This action is **REMANDED** to defendant, pursuant to Sentence
5 Four of 42 U.S.C. § 405(g), for further proceedings as discussed
6 above.

7        3.    The Clerk of the Court shall serve this Decision and Order
8 and the Judgment herein on all parties or counsel.

9

10 DATED: February 14, 2006

11                              _____/s/_____
                                   CARLA M. WOEHRLE
12                              United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28